UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA WHITE,

                Plaintiff,

vs.                                Case No.   2:05-cv-329-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## ORDER

     This matter comes before the Court on plaintiff's Consent Petition for Attorney Fees (Doc. #22), filed on December 19, 2006. Plaintiff certifies that the Commissioner does not oppose the request for fees, expenses, and costs.

     Plaintiff in this cause sought judicial review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying her claim for a period of disability and Disability Insurance Benefits.  On September 12, 2006, the Magistrate Judge issued a Report and Recommendation (Doc. #17), which was accepted and adopted and the decision of the Commissioner was reversed and remanded for further proceedings. See Opinion and Order, Doc. #20. Judgment (Doc. #21) was entered on November 1, 2006.

**A.  Entitlement To Fees and Expenses**:

     In order for plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA), the following five (5)

conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990).

The Court finds that all conditions for the EAJA fees have been satisfied and the Commissioner does not otherwise object to Plaintiff's establishment of any of the above conditions.

**B. Calculation of Reasonable Attorney Fees:**

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988), aff'd 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). Plaintiff seeks a total of $4,273.48 in attorney fees for 2.5 hours in 2005, at a rate of $156.79 an hour, and 23.1 hours in 2006, at a rate of $163.70 an hour.

Plaintiff requests attorney fees for attorneys Carol Avard, Chantal J. Harrington, and Sarah H. Bohr. The Court finds that the hourly rate is reasonable in light of the current Consumer Price

Case 2:05-cv-00329-JES-SPC   Document 23   Filed 12/20/06   Page 3 of 3 PageID 158

Index (CPI), and the government does not object to the sought rate. Additionally, after reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

Accordingly, it is now

**ORDERED**:

Plaintiff's Consent Petition for Attorney Fees (Doc. #22) is **GRANTED** and **$4,273.48** in attorney fees, **$13.95** in expenses, and **$250.00** in costs for attorneys Carol Avard, Chantal J. Harrington, and Sarah H. Bohr shall be awarded to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2142(d).

2.   The Clerk shall enter an Amended Judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of December, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record